UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA SACCOMANO,<br><br>          Plaintiff,<br><br>     v.<br><br>ANDREW SAUL,<br><br>          Defendant. | Case No. 18-cv-02624-JCS<br><br>**ORDER TO SHOW CAUSE WHY FEES SHOULD BE AWARDED UNDER 42 U.S.C. § 406(b) IN THE AMOUNT REQUESTED**<br><br>Re: Dkt. No. 35 |

The Court previously granted Plaintiff Christina Saccomano's motion for summary judgment and remanded this case for further administrative proceedings, which resulted in Defendant Andrew Saul, Commissioner of Social Security (the "Commissioner") finding Saccomano disabled and entitled to past benefits totaling $125,893. *See* Apr. 14, 2020 Letter (dkt. 35-3) at 3. Saccomano's counsel Harvey Sackett now moves for an award of attorneys' fees from Saccomano's past-due benefits pursuant to 42 U.S.C. § 406(b), which allows a court to award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," and that courts appropriately "approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807–08 (2002). In the fee agreement at issue here, Saccomano agreed to pay Sackett "a fee no greater than 25% of the past-due benefits owed to [her]" if she "receive[d] a favorable decision at any time following an unfavorable or partially favorable administrative law judge decision

either at any administrative level or at the judicial level." Fee Agreement (dkt. 35-4) at 1. Other than setting that *maximum* limit, however—restating the limit provided by statute—the fee agreement provides no guidance as to the particular amount of fees that Saccomano would pay under those circumstances. Sackett's assertion in his motion that "Saccomano contracted with Sackett to pay 25% of past-due benefits," Mot. at 7, therefore does not accurately reflect the fee agreement. Although Sackett presents arguments why granting an award in that amount would not be unreasonable *if the parties' agreement so provided*,[1] he has not addressed how the Court should calculate an award of fees where the agreement provides only for a maximum limit on fees.

Sackett is ORDERED TO SHOW CAUSE why he should be awarded the amount of fees he has requested, by filing a response to this order no later than August 28, 2020. Sackett is further ordered to provide a copy of this order to Saccomano no later than August 14, 2020 and file proof of service to that effect. Saccomano may—but is not required to—file her own response by the same date if she contests Sackett's request for an award of fees out of her past-due benefits.

As is typical in these cases, the Commissioner filed an evaluation of Sackett's request for fees under § 406(b), *see* dkt. 37, based on the Commissioner's role "resembling that of a trustee for the claimants." *See Gisbrecht*, 535 U.S. at 798 n.6. The Commissioner's response does not address the Court's concerns noted above. The Court requests that the Commissioner file a supplemental response no later than August 28, 2020 addressing how the Court should determine an appropriate award of fees under *Gisbrecht* where the claimant's fee agreement states only a

---

[1] Without yet reaching a conclusion as to whether the effective hourly rate that Sackett requests—which is either around $850 per hour or around $1,050 per hour, depending on how fees awarded under the Equal Access to Justice Act are considered—is reasonable in the contingency fee context of this case, the Court notes that aspects of Sackett' justification of that rate are inconsistent. *Compare* Mot. at 8 (listing "Sackett's non-contingent hourly rate" as "$350.00 - $400.00") *with id.* at 10 ("First, Sackett represents that his hourly rate for *non-contingent* (hourly) representation of a Social Security claimant can reach $630.00 per hour."); *and compare id.* at 10 (asserting that a survey "shows that an attorney with [Sackett's] experience earns approximately $630.00 per hour on a *non-contingent* basis") *with id.* Ex. D (dkt. 35-6) (chart showing that, as of 2014, attorneys in the *ninth decile* of all attorneys with thirty-one or more years of experience bill at that rate, but the median attorney with that level of experience bills $450 per hour); *see also* Mot. at 9 (asserting without explanation that both "the unadjusted hourly rate of $1,050.03 [and] the effective hourly rate of $847.78" are "*less* than the appropriate hourly rate for non-contingent representation for attorneys of Sackett's experience").

maximum limit of fees to be awarded.

**IT IS SO ORDERED.**

Dated: August 10, 2020

JOSEPH C. SPERO
Chief Magistrate Judge